Filed 9/25/20 P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074343 |
| v. | (Super.Ct.No. FSB19001628) |
| JOSHUA GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Ronald M. Christianson, Judge. Affirmed with directions.

David Zarmi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Joshua Gonzalez was charged by information with child abuse under circumstances likely to cause great bodily injury (GBI) or death. (Pen.

1

Code,[1] § 273a, subd. (a), count 1).  The information also alleged that he willfully caused or permitted a child to suffer, or inflicted unjustifiable physical pain or injury that resulted in death.  (§ 12022.95.)  The People subsequently moved to add an enhancement under section 12022.7, subdivision (a), alleging that defendant personally inflicted GBI on a person other than an accomplice in the commission of a felony.  Pursuant to a plea agreement, defendant pled guilty to count 1 and admitted the enhancement under section 12022.7, subdivision (a).  In accordance with the terms of the agreement, the court sentenced him to nine years in state prison, with credit for time served of 219 days (191 actual and 28 conduct).  It also imposed a $40 court operations fee, a $30 court construction fee,[2] and a $300 restitution fine.  The court dismissed the remaining counts and allegations.

Defendant filed a notice of appeal, based on the sentence or other matters occurring after the plea.  We affirm.

PROCEDURAL BACKGROUND

Defendant was charged with, and pled guilty to, child abuse under circumstances likely to cause GBI (§ 273a, subd. (a), count 1), and admitted that, in the commission of that offense, he personally inflicted GBI on the victim.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  The court combined the court operations and construction fees and imposed "a $70 court construction and operation fee."

## DISCUSSION

Defendant appealed, and upon his request this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether the sentencing court erred in imposing fines and fees without an ability to pay hearing (*People v. Dueñas* (2019) 30 Cal.App.5th 1157); (2) whether the court properly calculated and enumerated the fines and fees under Penal Code section 1465.8 and Government Code section 70373; and (3) whether defendant's credits were properly calculated. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note a few apparent clerical errors. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid*. [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the People added the enhancement under section 12022.7, subdivision (a), to count 1. Defendant pled guilty to count 1 and admitted the section 12022.7, subdivision (a) enhancement as to that count. The court sentenced him to the upper term

3

of six years on count 1 and a consecutive three years on the enhancement, for a total term of nine years in state prison. However, the minute order from the plea hearing erroneously states that the People added the section 12022.7, subdivision (a) "as Count 002." It also reflects that defendant pled guilty to count 1 and admitted the enhancement "as to Count 002." Similarly, the sentencing minute order and the abstract of judgment erroneously state that the court sentenced defendant to state prison for three years on the enhancement on count 2. In the interest of accuracy, these clerical errors should be corrected to reflect the true facts.

## DISPOSITION

The superior court clerk is directed to correct the October 10, 2019 minute order, the November 12, 2019 sentencing minute order, and abstract of judgment to reflect that the People added the section 12022.7, subdivision (a) enhancement to count 1, defendant admitted the enhancement as to count 1, and the court sentenced him on that enhancement as to count 1. The superior court clerk is further directed to forward a copy of the amended minute orders and the abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.
RAPHAEL
J.

4